UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIDDLE TENNESSEE ) | |
| OCCUPATIONAL AND ) | |
| ENVIRONMENTAL MEDICINE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3-05-0218 |
| ) | Judge Echols |
| FIRST HEALTH GROUP CORP. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Pending before the Court is Defendant First Health Group Corp.'s ("First Health") Renewed Motion to Dismiss[1] (Docket Entry No. 14), to which Plaintiff Middle Tennessee Occupational and Environmental Medicine, Inc. ("MTOEM") has responded in opposition (Docket Entry No. 20) and First Health has replied (Docket Entry No. 23.) First Health seeks dismissal of counts one through four of Plaintiff's Amended Complaint on statute of limitations grounds. For the following reasons, the Renewed Motion to Dismiss will be granted with respect to Plaintiff's claims for conversion, violation of the Tennessee Consumer Protection Act and unjust enrichment, but denied as to Plaintiff's request for a declaratory judgment.

---

[1] The original motion to dismiss became moot by the filing of the Amended Complaint. (Docket Entry No. 17.)

1

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This diversity action was removed to this Court on March 16, 2005. The Amended Complaint alleges conversion (Count One), violation of the Tennessee Consumer Protection Act ("TCPA") (Count Three), unjust enrichment (Count Four), and breach of contract (Count Five). The Amended Complaint also requests a Declaratory Judgment (Count Two) relating to the Agreement at issue in this case.

The following are the relevant facts as alleged in the Amended Complaint. Plaintiff MTOEM, a Tennessee corporation with its principal office located in Lebanon, Tennessee, is an occupational and environmental healthcare corporation that offers companies medical care for their employees. (Docket Entry No. 12 ¶¶ 2 & 4.) RehabCare Group is a separate rehabilitation management corporation that offers physical therapy to individuals who suffer work or sport-related injuries. (Id. ¶¶ 5, 6.) RehabCare Group is not a party to this lawsuit. MTOEM entered into a contract with RehabCare Group whereby the latter corporation would manage MTOEM's physical therapy department. RehabCare Group provided the physical therapists and support for the operation of MTOEM Rehab and MTOEM paid RehabCare Group a contract rate for those services. (Id. ¶ 7.)

Defendant First Health Group is a Delaware corporation with its principal offices located in Downers Grove, Illinois. (Id. ¶ 3 & Ex. A.) First Health enters into contracts with companies who provide their employees with health plans. Through First Health's contracts with hospitals and health care practitioners in the form

2

of Network Participating Clinic Agreements ("Agreements"), First Health establishes preferred providers to be used by those employees. (Id. Ex. A).

In December 1999, First Health entered into such an Agreement with RehabCare Group, which began doing business as MTOEM Rehab. The Agreement provided, among other things, that RehabCare Group would became a member of First Health's network of providers. (Id. ¶ 8.) Under the Agreement, First Health was to enter into contracts with third-party employers. In turn, RehabCare Group was to become a member of First Health's network and in so doing make its facilities and services available to the employees/beneficiaries of the health care plans offered by those employers. (Id. ¶ 9.) For its services, RehabCare Group was to be compensated by First Health in accordance with a network reimbursement schedule which was attached to the Agreement. (Id. ¶ 10.)

In the Agreement executed with First Health, RehabCare Group used MTOEM's Federal Tax ID Number. Daniel Headrick, the manager of RehabCare Group, signed the Agreement on behalf of RehabCare Group. Headrick had no authority to sign any documents on behalf of MTOEM. (Docket Entry No. 12, Ex. B). He was assured by First Health that the Agreement covered only the physical therapy department and not all of the services provided by MTOEM. (Id. ¶¶ 12-13.)

MTOEM did not become aware of the existence of the Agreement between First Health and RehabCare Group until June of 2001. At that time, First Health claimed that MTOEM and its employee

3

physicians were members of First Health's network and began withholding money owed to MTOEM presumably on the grounds that MTOEM, and not just RehabCare Group's physical therapy department, were members of First Health's network of providers. (Id. ¶ 14.)

MTOEM then requested from First Health a copy of any document which would show MTOEM was a member of the network. First Health responded by sending MTOEM a partial copy of the Agreement between First Health and RehabCare Group which had been signed by Headrick. MTOEM was able to determine from what it had been provided that no employee, physician, or authorized agent or representative of MTOEM had signed or approved the Agreement. (Id. ¶ 15 & Ex. A.)

By letter dated October 5, 2001, MTOEM informed First Health that the Network Agreement did not bind MTOEM because it was not signed by any employees or officers and because Headrick had been assured that the Agreement related only to the physical therapy department. MTOEM proposed to renegotiate a reimbursement schedule for the money which had already been unlawfully withheld. (Id. ¶ 16 Ex. B.) That letter was ignored and First Health continued to withhold monies owed MTOEM as if MTOEM were a participating provider. (Id. ¶ 17.)

In June 2002, MTOEM again made a demand upon First Health to cease withholding monies and to return all claims for payment which had been presented to third-party employers. First Health ignored this letter as well, and continued to treat MTOEM as if it were a network provider. (Id. ¶¶ 19-20.)

4

MTOEM filed suit in this Court on February 1, 2005 seeking a declaratory judgment and alleging conversion, violation of the Tennessee Consumer Protection Act, and unjust enrichment. Although MTOEM continued to demand a complete copy of the Agreement from First Health, it did not receive a copy from First Health. After the filing of the Complaint, MTOEM was able to obtain, from a third party, a copy of the standard Network Participating Clinic Agreement used by First Health. (Amended Complaint ¶¶ 21-22.) MTOEM then amended its Complaint to add a claim for breach of contract.

## II. STANDARD OF REVIEW

In evaluating the Amended Complaint under Rule 12(b)(6), the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See <u>Craighead v. E.F. Hutton & Co.</u>, 899 F.2d 485, 489 (6th Cir. 1990). The Court should not dismiss the Amended Complaint unless it appears beyond doubt that Plaintiff cannot prove any set of facts in support of its claims that would entitle it to relief. See <u>id.</u>[2]

## III. LEGAL ANALYSIS

The claims sought to be dismissed include conversion, violation of the Tennessee Consumer Protection Act ("TCPA"), unjust enrichment and a request that a declaratory judgment be entered

---

[2] Although the Court references the Agreement and the letters relating thereto in this Memorandum, the Motion to Dismiss need not be converted to one for summary judgment since the Amended Complaint repeatedly references those documents and they form a part of the basis for Plaintiff's claims. See <u>Greenburg v. Life Ins. Co. of Virginia</u>, 177 F.3d 507, 514 (6th Cir. 1999).

5

regarding the parties' obligations under the Agreement. Defendant asserts each of the claims is governed by either a one-year or three-year statute of limitations.

## A. Conversion and Violation of the TCPA

By statute, actions for conversion of personal property shall be commenced within three years of the accrual of the action. T.C.A. § 28-3-105. The time limits for bringing claims based upon alleged violations of the TCPA are also governed by statute and must be brought "within one (1) year from a person's discovery of the unlawful act or practice." T.C.A. § 47-18-101.

First Health asserts MTOEM discovered its alleged injury in June 2001 when it became aware that First Health allegedly "began withholding monies," (Amended Complaint ¶ 14) and certainly, no later than October 2001, when MTOEM informed First Health in writing that First Health "was unlawfully withholding money." (Id. ¶ 16.) Since the Complaint was not filed until February 2005, First Health asserts MTOEM's claims under the TCPA and for conversion are time-barred.

MTOEM does not dispute that a three-year limitations period applies to claims for conversion or that a one-year limitations period applies to claims under the TPCA. Nor does MTOEM claim it did not have knowledge of First Health's alleged malfeasance no later than October 5, 2001, when MTOEM sent the letter. Its argument is that each time First Health wrongfully withheld funds was a separate act and should have its own accrual date for purposes of the statute of limitations. Unfortunately for MTOEM,

6

Tennessee law is to the contrary since it utilizes the "single injury" or "discovery rule."

The law in Tennessee in this area has been aptly summarized by the Sixth Circuit as follows:

> [T]he "single injury" rule derives "from the principle that one tortious act gives rise to but one indivisible claim for damages." Potts v. Celotex Corp., 796 S.W.2d 678, 680 (Tenn. 1990). The single tortious act may in fact involve multiple acts or omissions occurring over several days, months, or even years. . . .
>
> Under the "continuous tort doctrine"-where allegedly tortious conduct occurs repeatedly over a period of time- the limitation period does not begin to run until the plaintiff's exposure to the conduct ceases, regardless of when he discovers the injury and its cause. See, Tennessee Eastman Corp. v. Newman, 22 Tenn.App. 270, 121 S.W.2d 130, 135 (1938). However, with the Tennessee legislature's adoption of the "discovery rule"–under which the limitation period accrues when an individual becomes "aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct," Carvell v. Bottoms, 900 S.W.2d 23, 29 (Tenn. 1995)–Tennessee courts have found that the continuous tort doctrine has been completely subsumed by the discovery rule. See Stanbury v. Bacardi, 953 S.W.2d 671, 676 (Tenn. 1997); Cherry, 36 S.W.3d at 87; Wansley, 1996 WL 502497, at *6.
>
> Read in conjunction, the single injury and discovery rules require that when an individual learns of his injuries and learns of the causal connection to the defendant's conduct and continues to be subjected to such conduct, the discovery rule applies, and a plaintiff will be forever barred from bringing suit if he fails to bring suit within one year of the discovery of his injury and its cause. Wansley, 1996 WL 502497, at *6.

Vaughn v. DP Packaging, Inc., 17 Fed.Appx. 286, 290-291 (6th Cir. 2001)(unpublished).

In this case, MTOEM's claim that "each occurrence of funds being withheld by First Health should be considered a separate act of conversion" (Docket Entry No. 20 at 6) and its claim that First

7

Health "misrepresented to third-party employers that Plaintiff was member [sic] of its network after repeated notices by Plaintiffs [sic] that they were not" (id. at 8) are requests to apply the continuous tort doctrine in different clothing. Under Tennessee law, this is inappropriate. Accordingly, the counts for conversion and violation of the Tennessee Consumer Protection Act will be dismissed.

**B. Unjust Enrichment**

There is no specific statute of limitations under Tennessee law for unjust enrichment. As such "the courts are admonished to determine the appropriate statute of limitations 'according to the gravamen of the complaint.'" Swett v. Binkley, 104 S.W.2d 64, 67 (Tenn.Ct.App. 2002) citing, Keller v. Colgems-EMI Music, Inc., 924 S.W.2d 357 (Tenn.Ct.App. 1996). In this regard, the Court is to examine the complaint to determine whether the Plaintiff is suing for damages arising out of contract or out of tort. See, Harvest Corp. v. Ernst & Whitney, 610 S.W.2d 727, 729 (Tenn.Ct.App. 1980).

MTOEM claims that the gravamen of its action relating to unjust enrichment is that First Health "has failed to respond in any way to Plaintiff's request and continues to withhold Plaintiff's funds without providing adequate services under the Agreement." (Docket Entry No. 20 at 8.) MOTEM then argues that "[w]hile the result maybe [sic] the unlawful retention of funds from the Plaintiff, that is not the basis for Plaintiff's claim for unjust enrichment" and hence no statute of limitations applies. (Id.)

8

Although claiming that the basis for its unjust enrichment claim is not the unlawful retention of funds, Plaintiff never explains the basis for the unjust enrichment claim. The Amended Complaint is clear: "Defendant has unjustly received and appreciated a benefit through its unlawful retention of funds belonging to Plaintiff" and "Defendant should be disgorged of the profits belonging to Plaintiff and the money should be returned to Plaintiff." (Amended Complaint ¶¶ 45 & 46.)

Such allegations constitute a claim for the wrongful taking of property. As such they are governed by the three-year limitation for damages to personal property under T.C.A. § 28-3-105. MTOEM's count for unjust enrichment is untimely.

**C. Declaratory Judgment**

"Limitations statutes do not apply to declaratory judgment suits, as such, because a declaratory judgment action is a mere procedural device by which various types of substantive claims may be asserted." Dehoff v. Attorney General, 564 S.W.2d 361, 362 (Tenn. 1978). "Accordingly, it is necessary to ascertain the nature of the substantive claims sought to be asserted in a declaratory judgment action in order to determine the appropriate statute of limitations." Id.

Count Two of the Amended Complaint contains MOTEM's request for a declaratory judgment. MTOEM seeks a declaration that it is not a party to the Agreement and that First Health is wrongly treating it as if it were a party to the Agreement.

9

First Health asserts MTOEM's declaratory judgment claim "essentially restates MTOEM's conversion and unjust enrichment claim." (Docket Entry No. 15 at 7.) Since the longest limitation period for those claims is three years, the declaratory judgment claim too is subject to dismissal on statute of limitations grounds. (Id.)

First Health argues that "[t]he plaintiff's Amended Complaint alleges mutually inconsistent facts – that the plaintiff was *not* a party to the contract at issue, and that plaintiff *was* a party to the contract at issue." (Docket Entry No. 23 at 3, emphasis in original.) First Health then observes "[t]he claims for conversion, violation of the TCPA, and unjust enrichment depend on the factual assumption that MTOEM was not a party to the contract; alternatively, the newly-added breach-of-contract claim depends on the inconsistent assumption that MTOEM was a party to the contract." (Id.)

It is precisely because the Complaint alleges alternatively that MTOEM either was or was not a party to the Agreement that dismissal of the declaratory judgment count would be premature. This matter is before the Court on a motion to dismiss and as such dismissal is not warranted if plaintiff can prove any set of facts which would entitle it to relief.

One set of facts – that MTOEM was a party to the contract and First Health failed to recognize its request for termination pursuant to the contract – suggests that the substantive basis for the declaratory judgment claim is a breach of contract. Since breach of contract claims under Tennessee law must be brought

10

within six years, T.C.A. § 28-3-109(a)(3), dismissal of the declaratory judgment count would not be appropriate based upon the record before the Court.[3]

## IV. CONCLUSION

On the basis of the foregoing, Defendant First Health Group Corp.'s Renewed Motion to Dismiss (Docket Entry No. 14) will be granted in part and denied in part. Plaintiff's claim for conversion under Count One; Plaintiff's claim for violation of the Tennessee Consumer Protection Act under Count Three; and Plaintiff's claim for unjust enrichment under Count Four of the Amended Complaint (Docket Entry No. 12) will be dismissed with prejudice. Defendant's Renewed Motion to Dismiss Plaintiff's claim for declaratory judgment as set forth in Count Two of the Amended Complaint will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

---

[3] In its reply, First Health concedes "[t]o the extent that the request for declaratory judgment assumes that MTOEM *is* a party to the Agreement, but that First Health has breached the agreement by refusing to recognize MTOEM's attempt to terminate its obligations under the Agreement, First Health agrees that such a claim would not be barred by the statute of limitations." (Docket Entry No. 23 at 4, n.1, emphasis in original).